## G. Irwin McKinney & Co. v. Smith.

*Real estate brokers—Commissions earned—Parol to vary writing.*

1. A real estate broker who has procured a purchaser acceptable to the vendor has earned his commission, although the contract of sale was never in fact carried out, even though the failure may have been caused by the purchaser's refusing to preform.

2. To an action by a broker for his commission based upon a memorandum signed by the vendor at the foot of the contract of sale, promising to pay the amount of the commission, an affidavit of defence is insufficient which avers an oral agreement between the vendor and the broker, by which the commission was not to be paid until the purchaser had settled and paid for the property, that the broker, as part of his services, was to see that the provisions of the contract of sale were carried out, and to look after the owner's interests up to and including the settlement, and that the purchaser had failed to make final payment, in the absence of an averment of fraud, accident or mistake, as a basis for varying the agreement embodied in the memorandum.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., June T., 1923, No. 9590.

W. D. *Stewart*, for plaintiffs; F. H. *Harrigan*, for defendant.

MARTIN, P. J., Nov. 19, 1923.—Suit was instituted to recover a commission claimed to have been earned by plaintiffs for selling a property belonging to defendant.

Plaintiffs obtained a purchaser upon the terms authorized by his employment. A written contract of sale was signed by the purchaser and defendant, the owner of the property.

At the foot of the agreement of sale, below the signatures of the parties to the contract, an agreement was written, promising to pay the plaintiffs "a commission of 4 per cent. on gross consideration herein mentioned for bringing about this sale," and signed by the defendant.

When she refused to pay the commission, this suit was instituted. A statement of claim was filed with a copy of the contract of sale, containing the agreement to pay plaintiffs the commission, attached.

An affidavit of defence was filed, in which the signature by defendant to the contract of sale and agreement to pay the commission was admitted, but defendant denied that she agreed to pay 4 per cent. commission provided the purchaser and the selling price met with her approval, and averred it was understood and agreed between her and the plaintiffs that the 4 per cent. was to be paid when the purchaser settled and paid for the property, and, in addition, they, as her agents, were to represent her in the transaction and see that the provisions of the agreement of sale were carried out and look after her interests up to and including the settlement. The affidavit further averred that defendant "is advised, as in said agreement provided, that plaintiffs agreed that the said 4 per cent. should not be paid unless all conditions of the contract were carried out on or before Aug. 1, 1923, and in the event of the failure to do so, the agreement, at the option of defendant, taken by the defendant, was to be null and void and returned to defendant for cancellation;" that the proposed purchaser did not settle for the property on Aug. 1, 1923, as provided in the agreement, and defendant granted an extension of six days, but the purchaser failed to make settlement within that time and "has not made settlement to date;" "that the $1000 paid at the time of the signing of the agreement, together with $1500 paid on account subsequently, she elected to retain as damages;" and that "she is advised, believes and, therefore, states, that the agreement with plaintiffs and the proposed pur-

chaser is null and void, and that she is under no obligation to them whatever."

The agreement to pay plaintiffs a commission of 4 per cent., written at the bottom of the contract of sale, contains none of the conditions mentioned in the affidavit of defence, and there is no allegation of fraud, accident or mistake as a basis for varying its terms.

It is not denied that the purchaser obtained by plaintiffs was satisfactory to defendant, and that he executed an agreement to purchase upon the terms she was willing to sell.

Although the affidavit alleges the purchaser failed to make settlement for the property, there is no averment of his inability to do so, that he could not be compelled to specifically perform the contract, or that defendant has not been fully compensated for the breach by retaining the amounts paid by the purchaser on account.

Having procured a purchaser who was acceptable to the vendor, plaintiffs earned the commission, although the contract of sale was never in fact carried out, even if the failure may have been caused by the purchaser refusing to perform: Seabury v. Fidelity Insurance Co., 205 Pa. 234.

Rule absolute.